UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

WILLIAM COLLINS JONES IV, as executor and administrator of the SUCCESSION OF CONNIE PORTER JONES MARABLE,

    Plaintiff,

-vs-

AT&T INC., as plan sponsor and fiduciary and AT&T SERVICES INC. as plan administrator and fiduciary for AT&T SOUTHEAST ELIGIBLE FORMER EMPLOYEE MEDICAL PROGRAM, BELLSOUTH RETIREE MEDICAL ASSISTANCE PLAN, AT&T UMBRELLA BENEFIT PLAN NO. 1,

    Defendant.

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes William Collins Jones IV, appearing as executor and administrator of the Succession of Connie Porter Jones Marable ("Plaintiff"), and submits this Complaint against AT&T Inc., and AT&T Services, Inc. as follows:

1.

Plaintiff brings this action under Section 502(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(c), for statutory penalties arising from Defendants' failure to produce ERISA plan documents upon request, in violation of 29 U.S.C. § 1024(b)(4).

**JURISDICTION AND VENUE**

2.

The Court has original and exclusive jurisdiction over Plaintiff's claims for relief pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

1

3.

Venue is proper pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breach occurred in this judicial district and Defendants administered the plan and paid benefits in this judicial district.

**PARTIES**

4.

Plaintiff William Jones is an individual of the full age of majority and a domiciliary of this judicial district. At all times relevant hereto, Jones acted as the executor and administrator of the Succession of Connie Porter Jones Marable, which is under the administration of the Civil District Court for the Parish of Orleans, State of Louisiana. During her lifetime, Marable participated in one or more ERISA-governed group benefit plans of which Defendants are fiduciaries.

5.

Made Defendants herein are AT&T, Inc. and AT&T Services, Inc. (collectively, "AT&T"). Upon information and belief, AT&T, Inc. acts as plan sponsor and fiduciary for one or more ERISA-governed benefit plans and/or programs in which Marable participated, while AT&T Services, Inc. acts as plan administrator of these same plans and programs.

**FACTS**

6.

On or about May 14, 2012, Connie Marable sustained serious injuries in an accident for which a third party was ultimately found liable. Marable passed away on March 23, 2018.

7.

On June 20, 2019, AT&T filed suit in the United States District Court for the Eastern District of Louisiana against Plaintiff, individually and as representative of the Marable Succession, under 29 U.S.C. § 1132(a)(3), seeking the imposition of a constructive trust and/or equitable lien in

favor of AT&T upon the settlement proceeds Marable recovered from the third party responsible for the accident.

8.

In its lawsuit, AT&T alleged that it paid accident-related medical benefits to Marable pursuant to the terms of one or more ERISA plans and/or programs in which Marable allegedly participated at the time of her treatment. AT&T alleged Marable participated in these plans as a result of her lifelong employment with various AT&T companies, which employment ceased in either 2000 or 2001. AT&T sued Plaintiff on behalf of the AT&T Southeast Eligible Former Employee Medical Program, the Bellsouth Retiree Medical Assistance Plan, and the AT&T Umbrella Benefit Plan No. 1.

9.

AT&T alleged it had paid $451,994.58 in accident-related medical benefits to Marable, and that Marable's retiree health benefit plans subjected these payments receipt of these benefits to a subrogation/reimbursement provision allegedly contained in the benefit plans under which the health benefuts were provided. AT&T allegedly paid these benefits between May 14, 2012 and December 30, 2013.

10.

Concurrent with the federal lawsuit, AT&T filed a Sworn Proof of Claim in Marable's succession proceeding in the Civil District Court for the Parish of Orleans, State of Louisiana. AT&T sought the same equitable relief in the state court proceeding as it did in the federal litigation, as well as security in the form of one-and-a-half (1.5) times the amount of AT&T's lien claim, totaling $677,991.87.

11.

In support of its federal Complaint, AT&T cited to documents from four ERISA plans and programs from four different companies, the effective dates of which spanned nearly two decades: 1) the 1996 plan document for the Ameritech Comprehensive Health Care Plan; 2) the 2008 Summary Plan Description ("SPD") for the Retiree Medical Assistance Plan for BellSouth Employees; 3) the 2013 SPD for the AT&T Southeast Eligible Former Employee Medical Program; and 4) the 2001 plan document for the SBC Umbrella Benefit Plan No. 1.

12.

Plaintiff filed a Motion to Dismiss AT&T's claims, arguing AT&T failed to identify which plan document, if any, applied to Connie Marable's receipt of benefits. In response, AT&T filed an Amended Complaint, which removed any citations to the specific plan documents contained in the original Complaint.

13.

When Plaintiff filed a second Motion to Dismiss arguing AT&T failed to allege that a specific plan document and corresponding reimbursement provision controlled Marable's receipt of benefits, AT&T again amended its Complaint. The second amendment referenced the following documents as the basis for AT&T's claims: 1) the 2001 plan document for the SBC Umbrella Benefit Plan No. 1; 2) the 2006 SPD for BellSouth Corporation Health and Insurance Plans for Retirees; 3) the 2014 plan document for the AT&T Umbrella Benefit Plan No. 1; and 4) the 2017 SPD for the AT&T Southeast Eligible Former Bargained Employee Medical Program.

14.

By letter dated July 24, 2019, Plaintiff (through counsel) issued a request for plan documents to AT&T pursuant to 29 U.S.C. § 1024(b)(4) and 29 CFR § 2560.503-1. The letter

requested, among other documents, "any ERISA plan(s) under which AT&T has brought the present action, or that AT&T contends governs any of its current claims."

15.

On August 30, 2019 and September 19, 2020, AT&T produced ERISA plan documents and SPD's for numerous ERISA plans and programs. AT&T's responses failed to include the actual ERISA plan documents corresponding to the SPD's upon which AT&T based its claim for reimbursement.

16.

AT&T has never provided the ERISA plan document that allegedly contains the reimbursement provision entitling AT&T to relief against Marable's Succession or that corresponds to the SPD's referenced in AT&T's Complaint.

**CLAIM FOR RELIEF UNDER 29 U.S.C. § 1132(c)(1)**

18.

Plaintiff re-alleges paragraphs 1-17 of the Complaint as if fully set forth herein.

19.

Plaintiff is entitled to statutory damages under ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1), as a result of AT&T's failure to produce documents upon request as required under 29 U.S.C. § 1024(b)(4).

20.

Pursuant to 29 U.S.C. § 1024(b)(4), an ERISA plan administrator "shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, [,] and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

21.

Under 29 U.S.C. § 1132(c)(1), a plan administrator who fails to furnish required documents to a beneficiary or participant upon request "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."

22.

On July 24, 2019, Plaintiff issued a document request to AT&T seeking the plan document upon which AT&T based its claim of entitlement to reimbursement against the Succession of Connie Marable. AT&T had 30 days to fulfill its requirement to provide the requested plan documents, or through and including August 24, 2019. AT&T did not fulfill its requirement of turning over its plan documents by August 24, 2019. Now, nearly a year later, AT&T has still not identified or produced a plan document that corresponds to the SPD's cited in its Complaint that allegedly provide a basis for its claim.

23.

In *Cigna Corp. v. Amara*, the Supreme Court of the United States found that the terms contained in an SPD "do not themselves constitute the *terms* of the plan" and are therefore not legally binding.[1] Therefore, Plaintiff sought the actual plan document that AT&T alleged created a right to reimbursement against the Marable Succession.

24.

Despite receiving clear notice of the documents Plaintiff sought, AT&T failed to produce an underlying plan document the SPD's on which AT&T based its claim for reimbursement. The SPD's that AT&T provided cannot constitute the binding terms of an ERISA plan, and each of the plan documents AT&T actually produced 1) do not correspond with the SPD's cited in its

---

[1] *CIGNA Corp. v. Amara*, 563 U.S. 421, 437-38 (2011) (emphasis original).

Complaint, and 2) were not in effect at the time of Marable's receipt of benefits, and therefore do not govern AT&T's claim for reimbursement.

25.

The ERISA plan documents Plaintiff seeks fall squarely within the plain text of the production statute. AT&T's failure to produce these documents timely, upon request, constitutes a violation of 29 U.S.C. § 1024(b)(4).

26.

Though not necessary to his claims, Plaintiff suffered prejudice as a direct result of AT&T's failure to produce the plan documents underlying its claim. In June of 2019, AT&T instituted legal action against Plaintiff in both state and federal court to recover estate assets allegedly pursuant to a contract with Marable. Since then, Plaintiff has incurred legal fees and costs defending against AT&T's claims in multiple forums, and AT&T has failed to provide the most basic of information supporting those claims: the contract allegedly granting AT&T the right to recovery.

27.

AT&T's refusal to provide the contract on which it based its claim resulted in the type of expense, trouble, and frustration, and eventually a forced settlement, that gives rise to statutory penalties under 29 U.S.C. § 1132(c)(1).  Had AT&T provided a copy of the plan document as requested, the parties could have dismissed or resolved AT&T's claims in a more expeditious fashion that would have avoided the time and expense needed to resolve AT&T's claims.  The attorney's fees and costs Plaintiff incurred due to the state and federal litigation are the direct result of AT&T's unwillingness to produce documents to which Plaintiff was and is entitled under ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays, after all legal delays and due proceedings, that the Court enter a judgment in favor of Plaintiff and against Defendants AT&T, Inc. and AT&T Services, Inc. declaring that Defendants are liable to Plaintiff for statutory damages under 29 U.S.C. § 1132(c)(1), and such other relief as this Court may deem appropriate, and that Defendants are to pay all damages and penalties due to Plaintiff, including attorney's fees, damages, penalties, interest, and all costs of these proceedings, with legal interest.

Respectfully submitted,

| TAGGART MORTON, L.L.C. | DIDRIKSEN, SAUCIER, & WOODS, PLC |
|---|---|
| *s/Perry R. Staub, Jr.* | Caleb H. Didriksen, III (#1334) |
| Perry R. Staub, Jr. (#12414) | Erin Bruce Saucier (#28213) |
| Michael J. Catalano (#38159) | 3114 Canal Street Canal Street |
| 1100 Poydras Street, Suite 2100 | New Orleans, LA 70119 |
| New Orleans, Louisiana 70163-2100 | Telephone (504) 586-1600 |
| Tel.: (504) 599-8513 | Facsimile (504) 822-3114 |
| Facsimile: (504) 599-8501 | caleb@dswlawfirm.com |
| pstaub@taggartmorton.com | erin@dswlawfirm.com |
| mcatalano@taggartmorton.com | |

**Counsel for Plaintiff, the Succession of Connie Jones Marable**