UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM COLLINS JONES IV, AS EXECUTOR AND ADMINISTRATOR OF THE SUCCESSION OF CONNIE PORTER JONES MARABLE | * * * | CIVIL ACTION<br><br>NO. 20-2337<br><br>SECTION "T" (2) |
| VERSUS | * | |
| AT&T, INC., AS PLAN SPONSOR AND FIDUCIARY, ET AL. | * * | |

## ORDER AND REASONS

Pending before me is Plaintiff William Collins Jones IV's Motion to Compel Discovery of Documents and Information (ECF No. 54) and Motion to Strike Affidavit (ECF No. 55). Defendants AT&T, Inc. and AT&T Services, Inc. filed Opposition Memoranda (ECF Nos. 56, 57), and Plaintiffs sought leave and filed Reply Memoranda. ECF Nos. 62, 64. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's motion to compel is DENIED WITHOUT PREJUDICE and Plaintiff's motion to strike is DENIED for the reasons stated herein.

**I.   BACKGROUND**

    **A.  Factual Background**

Plaintiff William Collins Jones IV filed this suit as Executor and Administrator of the Succession of Connie Porter Jones Marable pursuant to Section 502(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(c) seeking statutory penalties for Defendants' failure to produce ERISA plan documents upon request, in violation of 29 U.S.C. § 1024(b)(4). ECF No. 1 ¶ 1, at 1. Ms. Marable, a participant in one or more of

Defendants' ERISA plans, sustained injuries in a May 14, 2012 car accident for which a third party was liable. *Id.* ¶¶ 4, 6, at 2. Defendants paid approximately $451,994.58 in accident-related medical benefits. *Id.* ¶ 9, at 3. Ms. Marable died on March 23, 2018 (*id.* ¶ 6, at 2), after which Defendants filed suit (EDLA Civil Action No. 19-11297) seeking a constructive trust or equitable lien over the 2012 car accident settlement proceeds and filed a Proof of Claim in Ms. Marable's succession proceeding. *Id.* ¶¶ 7, 9, 10, at 2–3.

Shortly after Defendants filed suit in EDLA No. 19-11297, by letter dated July 24, 2019, Plaintiff sent a request for plan documents, pursuant to 29 U.S.C. § 1024(b)(4) and 29 C.F.R. § 2560.503-1. *Id.* ¶ 14, at 4–5. Defendants produced documents in response to Plaintiff's request on August 30, 2019 and September 19, 2020. *Id.* ¶ 15, at 5. Plaintiff contends, however, that the responses did not include the actual plan documents corresponding to the summary plan description upon which Defendants based their claim for reimbursement. *Id.* ¶¶ 15, 16. Defendants disagree, arguing that the approximately 12,000 pages of documents produced in this litigation, which were the same as the documents produced in response to Plaintiff's July 24, 2019 § 1024(b)(4) request, include the governing plan documents. ECF No. 26, at 6–7.

Plaintiff filed this suit to recover statutory penalties, attorneys' fees and costs. ECF No. 1 ¶¶ 19, 21, 26, 27, at 5–7. The primary issue in this litigation is whether Defendants produced the documents required by § 1024(b)(4) (as Defendants assert) or not (as Plaintiff asserts). If Defendants produced the required information, Plaintiff's claim fails. If, however, Defendants did not produce the required information, the court must determine whether statutory penalties (maximum of $110 per day) are proper.[1]

---

[1] 29 C.F.R. § 2575.502c-1.

### B. Relevant Procedural History

Plaintiff filed a Motion to Compel Defendants to provide substantive responses to Plaintiff's Interrogatories and Requests for Production, and to respond to the areas of inquiry in Plaintiff's proposed Rule 30(b)(6) Deposition Notice on March 16, 2021. ECF No. 22. Defendants AT&T, Inc. and AT&T Services, Inc. filed a related Motion for Protective Order shortly thereafter. ECF No. 23. This Court heard oral argument on the discovery motions on April 7, 2021. ECF No. 37. During the hearing, Defendants orally moved to supplement their previous filings by attaching an Affidavit of Jeremy Spiegel, which had been delivered in connection with the prior matter EDLA No. 19-11297. This Court granted the motion during that hearing (ECF No. 37), and the Affidavit was filed at ECF No. 38 as a supplement to Defendants' Opposition (ECF No. 26). The Court granted in part and denied in part those motions, as set forth in the Order and Reasons dated April 16, 2021. ECF No. 39.

Over two and half months later, Plaintiff filed a Motion to Strike Affidavit. ECF No. 55. Plaintiff argues the Affidavit should be stricken from the record because it is not based on personal knowledge, lacks a proper foundation, and addresses issues that have no relevance to this proceeding. ECF No. 55-1; ECF No. 62. Defendants oppose the motion, arguing that Plaintiff's motion is an improper effort to strike a listed trial exhibit and that the affiant properly testifies based on his review of corporate records, which included those of Ms. Marable's employer which was merged into Defendant. ECF No. 56.

Plaintiff also seeks a complete copy of the 1998 Collective Bargaining Agreement between Bellsouth and the Communication Workers of America ("CBA"). ECF No. 54-1, at 2. Specifically, Plaintiff contends that this Court ordered Defendants to produce the CBA and that, while Defendants produced the CBA, they failed to produce the benefits plans referenced in

3

Section 19.02 of the CBA. *Id.* at 2-3. Plaintiff seeks to compel AT&T to produce a variety of plan documents beyond the medical documents, arguing that Plaintiff's July 24, 2019 letter sought all plan documents. ECF No. 64, at 3-4. Plaintiff also argues that Defendants have not even produced the medical benefit plans, such as the Medical Assistance Plan or VEBA Trust. *Id.* at 3-4.

Defendants oppose the motion on both procedural and substantive grounds. Procedurally, Defendants argue that Plaintiff failed to comply with Rule 37(a)(1) and this Court's standing order requiring a fulsome meet and confer before filing a motion to compel. ECF No. 57, at 2-3. Substantively, Defendants cite this Court's prior Order and Reasons sustaining their objections and requiring Defendants to identify any CBA "under which the ERISA plan governing Marable's medical benefits at the relevant time was established or operated, as required by § 1024(b)(4), to the extent same were requested in Plaintiff's July 24, 2019 document request." *Id.* at 5 (quoting ECF No. 39, at 10). Defendants argue that CBA § 19.01 lists 19 separate agreements, plans or programs, but most have nothing to do with medical benefits. *Id*. Further, directly in contradiction to Plaintiff's assertions, Defendants state that they have provided Plaintiffs with the Bellsouth Medical Assistance Plan and the VEBA Trust documents, which are the only relevant medical plans references in CBA § 19. *Id.* at 5-6.

## II.  LAW AND ANALYSIS

### A.  The Motion to Strike

Motions to strike are disfavored and should be used sparingly by the courts because they are considered a "'drastic remedy to be resorted to only when required for the purposes of justice.'"[2] A motion to strike is governed by Rule 12(f), which provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

---
[2] *Landreaux v. Huntington Ingalls Inc.,* No. 20-1208, 2021 WL 533717, at *1 (E.D. La. Feb. 12, 2021) (quotation and citations omitted).

(1) on its own; or
(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). By Rule 12(f)'s express terms, a motion to strike is directed to pleadings. Rule 7 explicitly defines pleadings as the complaint, answer, answer to a counterclaim, answer to a crossclaim, third-party complaint, and reply to an answer. Fed. R. Civ. P. 7(a). A discovery motion is not a "pleading" subject to a motion to strike.[3] Moreover, Rule 12(f) explicitly requires a party to file a motion to strike within 21 days of the filing.

Plaintiff's motion to strike is procedurally improper and untimely. A motion in limine, not a motion to strike, is the proper method to seek exclusion of evidence from trial, to the extent that such relief is what Plaintiff seeks via this motion to strike.

### B. The Motion to Compel

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Discovery is limited to information that is relevant to any claim or defense raised in this case. *Id.*

A review of Plaintiff's Complaint reflects a claim based on AT&T's failure to provide medical plan documents upon which AT&T based its reimbursement claim in the earlier litigation, not every potentially applicable ERISA plan document. *See generally* ECF No. 1. According to

---

[3] *See Burnett v. ARCCA Inc.*, No. 15-1214, 2016 WL 828151, at *4 (W.D. La. Feb. 25, 2016) (denying motion to strike a motion to dismiss because "[m]otions to strike under Rule 12(f) are not authorized to be filed against other motions, only pleadings").

5

Plaintiff's Complaint, AT&T failed to provide plan documents underlying its reimbursement claim. ECF No. 1, ¶¶ 15, 16, 24 at 5-6. Indeed, Plaintiff's Complaint reads: "On July 24, 2019, Plaintiff issued a document request to AT&T *seeking the plan document upon which AT&T based its claim of entitlement to reimbursement* against the Succession of Connie Marable" and "[d]espite receiving clear notice of the documents Plaintiff sought, AT&T *failed to produce an underlying plan document the SPD's on which AT&T based its claims for reimbursement*." *Id*. ¶¶ 22, 24 at 6 (emphasis added). Plaintiff's complaint does not appear to address the failure to produce any non-medical plan related documents.

This Court previously ordered "Defendants [to] identify any bargaining agreement or "other instruments" under which the ERISA plan governing Marable's medical benefits at the relevant time was established or operated, as required by § 1024(b)(4), to the extent same were requested in Plaintiff's July 24, 2019 document request."  The parties directly contradict one another regarding whether the Bellsouth Medical Assistance Plan and the VEBA Trust documents have been provided or not.  Disagreements such at this are readily resolved through a proper Rule 37 conference, which did not occur in this case.  Therefore, the court will deny the motion to compel without prejudice to allow the parties to hold the required conference.  Should any dispute remain following that conference, Plaintiff may re-file a motion to compel to address any unresolved issues.

III.    **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel Discovery of Documents and Information (ECF No. 54) is DENIED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Affidavit (ECF No. 55) is DENIED.

New Orleans, Louisiana, this 16th day of July, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE