**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIAM COLLINS JONES, IV** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-02337** |
| **AT&T, INC., et al.** | **SECTION: "T" (2)** |

# ORDER

Before the Court is the third and fourth of four motions filed by Plaintiff William Collins Jones, IV for appeal or review of various Magistrate Judge's Orders regarding discovery and leave to file an amended appeal.[1] In her Order and Reasons,[2] the Magistrate Judge granted in part and denied in part Plaintiff's Motion to Enforce Order Compelling Discovery of Documents and Information.[3] Plaintiff now seeks review of that ruling.[4] Defendants have filed an opposition.[5] For the reasons set forth below, the Motion[6] is DENIED. The Court will also DENY the Motion for Appeal/Review of Magistrate Judge Decision denying leave to file an amended complaint.[7] Finally, the Court will deny the Motion in Limine to Exclude Irrelevant Evidence.[8] These latter motions touch on the same issues.

## BACKGROUND

As this Court has previously explained, the dispute presented to the Court in Plaintiff's Complaint is straightforward.[9] Plaintiff as Executor and Administrator of the Succession of Connie

[1] R. Docs. 41, 72, 93, and 113.
[2] R. Doc. 92.
[3] R. Doc. 75.
[4] R. Doc. 93.
[5] R. Docs. 94.
[6] R. Doc. 93.
[7] R. Doc. 113.
[8] R. Doc. 95.
[9] R. Doc. 1.

Porter Jones Marable filed the instant suit pursuant to Section 502(c) of the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(c), seeking statutory penalties for Defendants' failure to produce ERISA plan documents upon request, in violation of 29 U.S.C. § 1024(b)(4).[10]

Ms. Marable, a participant in one or more of Defendants' ERISA plans, sustained injuries in a May 14, 2012 accident for which a third party was liable.[11] Defendants paid approximately $451,994.58 in accident-related medical benefits.[12] Ms. Marable died on March 23, 2018.[13] Thereafter, Defendants filed Civil Action No. 19-11297 in this Court seeking a constructive trust or equitable lien over the 2012 accident settlement proceeds and filed a Proof of Claim in Ms. Marable's succession proceeding in state court.[14] Approximately one month after Defendants filed their reimbursement suit, Plaintiff, by letter dated July 24, 2019, sent a request for all plan documents relating to "health benefits" to which Ms. Marable might be entitled.[15] In response to Plaintiff's request, Defendants produced some 12,000 pages of documents on August 30, 2019, and September 19, 2020.[16] Ultimately, Case No. 19-11297 was settled by mutual agreement in May 2020.[17]

In the present suit, Plaintiff alleges Defendants' responses to its request during the prior suit did not include the actual plan documents corresponding to the summary plan description upon which Defendants had based their claim for reimbursement in the prior suit, Case No. 19-11297.[18] Defendants disagree, arguing that the approximately 12,000 pages of documents produced in the

---

[10] R. Doc. 1, p.1.
[11] *Id.*, p. 2.
[12] *Id.*, p. 3.
[13] *Id.*, p. 2.
[14] *Id.*, pp. 2-3.
[15] R. Doc. 67-2, pp. 3-5.
[16] R. Doc. 1, p. 5.
[17] R. Doc. 67-1, p. 3.
[18] *Id.*, p. 5.

instant litigation, which were the same as the documents produced in response to Plaintiff's July 14, 2019 request pursuant to § 1024(b)(4) in the prior litigation, include the governing plan documents.[19] Plaintiff in his present suit seeks to recover statutory penalties, attorney fees, and costs for Defendants' failure to deliver the ERISA documents in a timely manner.[20] As the Magistrate Judge explained in her order,[21] the issue in this litigation is whether or not Defendants produced the documents required by § 1024(b). If Defendants produced the required information, Plaintiff's claim fails. If, however, Defendants did not produce the required information, the Court must determine whether statutory penalties are proper.

This Court has previously adopted the Magistrate Judge's interpretation of Plaintiff's Complaint:[22]

> A review of Plaintiff's Complaint reflects a claim based on AT&T's failure to provide medical plan documents upon which AT&T based its reimbursement claim in the earlier litigation, not every potentially applicable ERISA plan document. *See generally* ECF No. 1. According to Plaintiff's Complaint, AT&T failed to provide plan documents underlying its reimbursement claim. ECF No. 1, ¶¶ 15, 16, 24 at 5-6. Indeed, Plaintiff's Complaint reads: "On July 24, 2019, Plaintiff issued a document request to AT&T *seeking the plan document upon which AT&T based its claim of entitlement to reimbursement against the Succession of Connie Marable*" and "[d]espite receiving clear notice of the documents Plaintiff sought, *AT&T failed to produce an underlying plan document [that corresponds to] the SPD's on which AT&T based its claims for reimbursement*." *Id.* ¶¶ 22, 24 at 6 (emphasis added). Plaintiff's complaint does not appear to address the failure to produce any nonmedical plan related documents. R. Doc. 66, pp. 5-6 (emphasis in original).

Accordingly, this Court found, the sole issue raised in the Complaint is "whether Defendants have provided Plaintiff with the underlying plan document that corresponds to the summary plan document on which Defendants based their claims for reimbursement."[23]

---

[19] R. Doc. 25, pp. 6-7.
[20] R. Doc. 1, pp. 5-7.
[21] R. Doc. 92, p. 2. See also
[22] R. Doc. 123, pp. 3-4.
[23] *Id.*, p. 4.

## LAW and ANALYSIS

Federal Rule of Civil Procedure 72(a) governs the review of Magistrate Judge Orders by district court judges on non-dispositive matters, such as discovery orders. As a non-dispositive matter, the review of a magistrate's discovery order is governed by the "clearly erroneous or contrary to law" standard of review.[24] Rule 72(a) provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*" (emphasis added).[25] A court's finding is "clearly erroneous or contrary to law" when, after reviewing the entirety of the evidence, is left with the "firm conviction that a mistake has been committed," though there may be evidence to support that mistake.[26] In applying the "clearly erroneous" standard, a district court shall affirm the decision of the magistrate judge unless, based on all of the evidence, "the court is left with a definite and firm conviction" that the magistrate judge made a mistake.[27]

With regard to scope of discovery, Federal Rule of Civil Procedure Rule 26(b)(1) provides that the "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1) limits discovery to information that is relevant to any claim or defense raised in the case.

---

[24] *Omega Hosp., LLC v. Cmty. Ins. Co.*, 310 F.R.D. 319, 321 (E.D. La. 2015).

[25] Fed. R. Civ. P. 72(a).

[26] See *Calogero v. Shows, Cali & Walsh, LLP*, 2021 WL 3617236, at *2 (E.D. La. Aug. 16, 2021); *Omega Hosp., LLC*, 310 F.R.D. at 321; *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[27] *U.S. Gypsum Co.*, 333 U.S. at 395.

In the Order Plaintiff now challenges,[28] the Magistrate Judge noted she had previously denied without prejudice a Motion to Compel in which Plaintiff argued that Defendants had failed to comply with an order directing Defendants to produce the 1998 Collective Bargaining Agreement between Bellsouth and the Communications Workers of America ("CBA").[29] Plaintiff argued that, while Defendants produced the 1998 CBA, they failed to produce the benefits plans referenced in Section 19.02 of the CBA. Defendants argued that § 19.01 of the CBA listed 19 agreements, plans, or programs, most of which are irrelevant to medical benefits and that Defendants had provided Plaintiff with the Bellsouth Medical Assistance Plan and the VEBA Trust documents. Finding the parties had failed to confer pursuant to Federal Rules of Civil Procedure Rule 37, the Magistrate Judge denied the Motion to Compel without prejudice,[30] and this Court found no error in that ruling.[31]

Thereafter, the parties conferred and Plaintiff agreed to reduce its request to five of the documents in Section 19.01 of the 1998 CBA: (1) Bellsouth Pension Plan; (2) Group Life and Accidental Death or Dismemberment Insurance Program; (3) Long-Term Disability Plan; (4) Bellsouth Medical Assistance Plan; and (5) Universal Plus (Group Universal Life Insurance Program). Plaintiff argued these additional documents are relevant because the July 24, 2019 information request "sought documents comprising the ERISA plan(s) in which Connie Marable participated at the time of her retirement and the ERISA plan(s) on which AT&T bases its assertion of an equitable lien right seeking to recover health benefits paid on behalf of Connie Marable."[32] Defendants counter that Plaintiff is seeking to expand the scope of documents sought in the July

[28] R. Doc. 92.
[29] R. Doc. 92, p. 3.
[30] R. Doc. 66.
[31] R. Doc. 124.
[32] R. Doc. 92, p. 4.

24, 2019 letter, which did not seek ERISA plan documents governing pension, death benefits, life or accidental death benefits. Instead, Defendants argue, the July 24, 2019 request clearly sought only the "ERISA plan documents … relating to 'health benefits," health benefit rights," and health benefit programs.'"[33]

In resolving the motion before her, the Magistrate Judge pointed out, once again, that "Plaintiff's complaint is premised on only the failure to produce medical plan related documents upon which AT&T based its reimbursement claim in the earlier litigation, not the alleged failure to produce every potentially applicable ERISA plan Document."[34] Therefore, the Magistrate Judge found, the documents Plaintiff seeks "are not related to any claim or defense in this action."[35] Accordingly, the Magistrate Judge found improper Plaintiff's discovery as directed to the Bellsouth Pension Plan, the Group Life and Accidental Death or Dismemberment Insurance Program, the Long-Term Disability Plan, and the Universal Plus (Group Universal Life Insurance Program). [36] The Magistrate Judge denied the motion to enforce in that regard. However, with regard to the Bellsouth Medical Assistance Plan, the Magistrate Judge found the request appropriate and related to a claim at issue in the case.[37] Accordingly, she instructed as follows: "to the extent that Defendants have produced only summary plan descriptions rather than plan documents as Plaintiff contends, Defendants must produce the referenced plan documents, in full, within 14 days."[38]

In this Court, Plaintiff essentially reurges arguments previously made to this court:

> First, the letter request should control as that determines what documents were requested and what documents were produced or not produced and whether

---

[33] R. Doc. 92, p. 4.
[34] *Id.*, p. 5.
[35] *Id.*
[36] *Id.*
[37] *Id.*, p. 6.
[38] *Id.*

> Plaintiff is entitled to penalties for same under the applicable ERISA statute. See 29 U.S.C. § 1024(b)(4) for documents that must be produced, and 29 U.S.C. § 1132(c) providing for penalties for failure to produce ERISA plan documents upon request. Second, to the extent that the Complaint at issue is limited to medical document plan documents only (which Plaintiff denies), same should be able to be cured easily by a motion to amend. Third, even assuming the complaint is limited to medical plan documents, the other plan documents would be relevant to show prejudice – that is, that the letter requested those documents, and if any were available that would have been applicable to Ms. Marable, but she failed to apply for those benefits because she was unaware of those benefits, that would establish prejudice to Ms. Marable.[39]

This Court concurs with the Magistrate Judge's interpretation of Plaintiff's Complaint. Because Plaintiff has not established that the Magistrate Judge's ruling[40] was "clearly erroneous or is contrary to law," the Court will deny Plaintiff's Motion for Review of that ruling.

Similarly, the Court concurs with the Magistrate Judge's Ruling denying Plaintiff leave to file an amended complaint that would add claims expanding the scope of the issue presented by the original pleading.[41] The Court finds no error in the Magistrate Judge's ruling and adopts the reasoning therein as its own.

Finally, Defendants have filed a Motion in Limine to exclude irrelevant evidence.[42] As the Court indicated at the Pretrial Conference of August 25, 2022, because this is a bench trial, the Court will determine what evidence is relevant in the context of the evidence presented at trial. The Court did so. Therefore, this Motion in Limine is denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Review Magistrate Judge's Order[43] is DENIED.

---

[39] R. Doc. 93-1, p. 6.
[40] R. Doc. 66.
[41] R. Doc. 11.
[42] R. Doc. 95.
[43] R. Doc. 72.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appeal/Review of Magistrate Judge Decision[44] is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Irrelevant Evidence[45] is DENIED.

New Orleans, Louisiana, on this 30th day of September, 2022.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

[44] R. Doc. 113.
[45] R. Doc. 95.