**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIAM COLLIN JONES, IV, as** **Executor and Administrator of the** **Succession of Connie Porter Jones Marable** | **CIVIL ACTION** |
| | **NO: 20-2337** |
| **v.** | **SECTION:  T(2)** |
| **AT&T, INC., et al.** | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This lawsuit involves one limited claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Specifically, Plaintiff, William Collin Jones, IV ("Plaintiff") alleges that Defendants, AT&T Inc. and AT&T Services ("Defendants"), failed to produce certain documents in response to a "plan document request" dated July 24, 2019 (the "Plan Document Request") during a prior lawsuit between these parties. Plaintiff asserts that Defendants' failure to produce the documents requested violated 29 U.S.C. §1024(b)(4) and, as a result, he is entitled to civil penalties under 29 U.S.C. § 1132(c)(1).

This case was tried to the Court without a jury in a one-day bench trial on September 12, 2022. After carefully considering all the evidence, and pursuant to Federal Rule of Civil Procedure Rule 52(a), the Court issues the following findings of fact and conclusions of law. To the extent that any finding of fact may be construed as a conclusion of law, the Court adopts it as such. To the extent that any conclusion of law constitutes a finding of fact, the Court adopts it as such.

## FINDINGS OF FACT

1.  Plaintiff is an individual of the full age of majority, resides within this judicial district, and is the executor and administrator of the succession of Connie Porter Jones Marable ("Ms. Marable").

1

2.  Plaintiff filed this lawsuit in his capacity as the executor and administrator of Ms. Marable's
    succession.[1]

3.  Prior to her death, Ms. Marable was a lifetime employee of AT&T and its predecessor entity,
    BellSouth.[2]

4.  When Ms. Marable retired from BellSouth in 2001, she became a participant in the BellSouth
    Retiree Medical Assistance Plan.[3] BellSouth was subsequently acquired by Defendants.

5.  Defendant AT&T Inc. is a Delaware corporation and is a publicly traded company on the New
    York Stock Exchange. AT&T Inc. sponsors one or more plans (collectively, the "Plan"), in
    which Ms. Marable was a participate.

6.  Defendant AT&T Services, Inc. is a Delaware corporation and is a wholly-owned subsidiary
    of AT&T Inc. AT&T Services, Inc. is the designated administrator of the Plan.

7.  In May 2012, Ms. Marable suffered severe injuries in an accident that was not her fault.[4]

8.  Defendants paid approximately $451,994.58 in medical benefits related to Ms. Marable's
    accident.

9.  Ms. Marable died on March 23, 2018.[5]

10. Defendants subsequently filed a lawsuit in the Eastern District of Louisiana, entitled *AT&T
    Inc., et al. v. William Collins Jones, IV*, civil action number 2019-11297 (the EDLA Lawsuit),
    seeking a constructive trust or equitable lien over the 2012 accident settlement proceeds and
    also filed a Proof of Claim in Ms. Marable's succession proceeding.

11. Plaintiff's counsel sent Defendants the Plan Document Request, dated July 24, 2019, in

---

[1] R. Doc. 133, p. 13.
[2] *Id.*
[3] *Id.*
[4] *Id.* at p. 14.
[5] *Id.* at p. 13.

connection with the EDLA Lawsuit.[6]

12. The Plan Document Request sought ERISA plan documents from Defendants and provided

in part as follows:

> This letter serves as Mr. Jones' formal request for copies of the
> documents comprising the ERISA plan(s) in which Connie Marable
> participated at the time of her retirement and the ERISA plan(s) on
> which AT&T's bases its assertion of an equitable lien right seeking to
> recover health benefits paid on behalf of Connie Marable. As the
> administrator of the estate of an ERISA plan participant, Mr. Jones
> seeks the documents to which he is entitled under ERISA's disclosure
> provisions and the related federal regulations. Mr. Jones does not
> currently possess ERISA plan documents and directs this
> correspondence to you as counsel for AT&T in its capacity as Plan
> Sponsor and Plan Administrator of the benefit Plans named as
> Plaintiffs in the above-referenced action, as well as in its capacity as
> successor in interest to any other Plan that may have a bearing on
> Connie Marable's rights.[7]

13. The Plan Document Request also asked for "any collective bargaining agreement under which

any of the above-referenced Plans are created or maintained.[8]

14. Plaintiff, through his attorney, directed his correspondence as follows:

> As the administrator of the estate of an ERISA plan participant, Mr.
> Jones seeks the documents to which he is entitled under ERISA's
> disclosure provisions and the related federal regulations. Mr. Jones
> does not currently possess ERISA plan documents and directs this
> correspondence to you as counsel for AT&T in its capacity as Plan
> Sponsor and Plan Administrator of the benefit Plans named as
> Plaintiffs in the above-referenced action, as well as in its capacity as
> successor in interest to any other Plan that may have a bearing on
> Connie Marable's rights. If the AT&T is not the entity entrusted with
> record-keeping obligations for any of these plans, please direct this
> request to the appropriate entity or person or provide that name to us.
> (sic)[9]

15. Defendants received the Plan Document Request in August 2019.

---

[6] *Id.*
[7] *Id.*
[8] *Id.* at p. 14.
[9] *Id.*

16. In September 2019, Defendants responded to the Plan Document Request by producing over 12,000 pages of documents (the "Document Production").

17. The EDLA Lawsuit was subsequently settled and dismissed by the Court in May 2020.

18. On August 21, 2020, Plaintiff initiated the instant suit, alleging that Defendants' Document Production failed to comply with the requirements of 29 U.S.C. § 1024(b)(4) and, therefore, Plaintiff is entitled to statutory penalties under 29 U.S.C. § 1132(c)(1).[10]

19. At trial Plaintiff offered testimony that two documents had not been provided in Defendants' Document Production: (1) the 1998 Agreement between Communications Workers of America and BellSouth Telecommunications (the "1998 Agreement")[11] : and (2) the BellSouth Retiree Medical Assistance Plan #528 ("Plan #528").

20. Plaintiff testified that he had been prejudiced by not receiving the 1998 Agreement because he could have taken advantage of the grievance process to resolve his dispute with Defendants had he known about them. Plaintiff admitted, however, that he had received a copy of the 1995 version of the Agreement[12] and that the 1995 version contained an identical grievance process.

21. Plaintiff testified that he had also not been provided with a copy of Plan #528. Instead, he received a Summary Plan Description ("SPD") summarizing Plan #528. Plaintiff believed that because he had received a "summary" document, the entire Plan #528 must exist, but was not produced.

22. Jeremy Siegel, the Lead Benefits Consultant at AT&T Services, Inc., offered testimony explaining Defendants' processes and procedures for responding to document requests, like the one from Plaintiff. Siegel also testified specifically about the Document Production in

---

[10] R. Doc. 1.
[11] Trial Ex. 152.
[12] Trial Ex. 3.

response to the Plan Documents Request. Seigel stated that a broad search of the Defendants'

digital records was performed, which yielded the voluminous number of documents

ultimately produced to Plaintiff. There were also no documents withheld from the Document

Production that Siegel believed to be relevant. In sum, Siegel testified that Defendants

produced everything they had in their possession to Plaintiff.

23. Siegel also explained that the SPD for Plan #528 was incorporated into the Umbrella Benefit

Plan Document as an integral part thereof, and not just a mere summary of Plan #528. Siegel

testified that an umbrella plan with incorporated SPDs plan is a common structure used to

simplify ERISA reporting requirements.

24. Based on Siegel's testimony the Court finds that the SPD for Plan #528 constituted the

entirety of Plan #528 during the relevant timeframe. Accordingly, the Court finds that Plaintiff

received a copy of Plan #528.

## CONCLUSIONS OF LAW

1. The Court has original and exclusive jurisdiction over Plaintiff's claims for relief pursuant to

ERISA, 29 U.S.C. § 1132(e)(1). Venue in this district is proper under 29 U.S.C. § 1132(e)(2).

2. 29 U.S.C. § 1024(b)(4) sets out the documents that must be provided by a plan administrator

when requested by a participant or beneficiary. The statute provides:

> **(b) Publication of summary plan description and annual report to participants and beneficiaries of plan**
> Publication of the summary plan descriptions and annual reports shall be made to participants and beneficiaries of the particular plan as follows:
> * * *
> **(4)** The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. The administrator may make a reasonable charge to cover the cost of furnishing such complete copies. The Secretary may by regulation

>prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence.

3. 29 U.S.C. § 1132(c) allows for the recovery of statutory penalties against a plan administrator who fails to comply with § 1024(b)(4).

4. The Court finds that Defendants' Document Production complied with the requirements of 29 U.S.C. § 1024(b)(4) and Plaintiffs claims fail. Indeed, Defendants gathered and produced over 12,000 pages of documents to Plaintiff. What is more, at trial Plaintiff only complained about two documents that he claimed had not been produced, the 1998 Agreement and the full Plan #528. The Court finds Plaintiff's testimony that he would or could have taken advantage of the 1998 Agreement's grievance procedures to be unconvincing, especially considering the fact that Plaintiff had access to the 1995 Agreement's grievance procedures and did not act on those. Further, having already determined that Plaintiff did receive a copy of Plan #528 in its full SPD form, the Court finds that there were no deficiencies in Defendants' Document Production.

5. In preparing the Document Production, Defendants did not act with the intent to exclude or withhold any relevant documents from being produced.

6. In preparing the Document Production, Defendants did not act in bad faith to exclude or withhold any relevant documents from being produced.

7. In preparing the Document Production, Defendants exercised reasonable care to ensure that all responsive documents were produced to Plaintiff.

8. Accordingly, the Court necessarily finds that Plaintiff is not entitled to recover penalties against Defendants under 29 U.S.C. § 1132(c).

9. Plaintiff was not prejudiced as a result of Defendants alleged failure to include any particular document in the Document Production.

10. Finally, when determining whether to award attorneys' fees in an ERISA case, courts in the

Fifth Circuit consider the *Bowen* factors. They are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.[13]

11. Having weighed the *Bowen* factors the Court, in its discretion, will not award attorneys' fees

or cost to any party in this case.

Based on the foregoing findings of fact and conclusions of law, this Court finds that

Defendants complied with the requirements of 29 U.S.C. § 1024(b)(4) in responding to Plaintiff's

Plan Document Request. As such, Plaintiff has failed to meet his burden and Plaintiff's claims against

Defendants are DISMISSED WITH PREJUDICE. Judgment will be entered in favor of the

Defendants.

New Orleans, Louisiana this 31st day of March 2023.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[13] *Iron Workers Loc. No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980); *see also Schexnayder v. Hartford Life & Acc. Ins. Co.*, 600 F.3d 465, 471 (5th Cir. 2010).