UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM COLLIN JONES, IV, as Executor and Administrator of the Succession of Connie Porter Jones Marable** | CIVIL ACTION<br><br>NO: 20-2337 |
| **v.** | SECTION: T(2) |
| **AT&T, INC., et al.** | |

## ORDER AND REASONS

The Court has before it Plaintiff William Collin Jones, IV's Motion for Reconsideration, R. Doc. 166, of the Court's Findings of Fact and Conclusions of Law (the "Ruling"), R. Doc. 164, and resultant entry of judgment in favor of Defendants AT&T, Inc. and AT&T Services, Inc. (collectively "AT&T"), R. Doc. 165. AT&T has responded in opposition, R. Doc. 169, and Plaintiff has submitted a reply memorandum, R. Doc. 173. Having considered the parties' arguments, as well as the applicable law and facts, the Court will DENY Plaintiff's Motion.

### I.     DISCUSSION AND ANALYSIS

This lawsuit involves one limited claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff filed suit against AT&T, alleging it had failed to produce certain documents in response to a "plan document request" dated July 24, 2019 during a prior lawsuit between these parties. R. Doc. 1-1. Plaintiff asserted this failure violated AT&T's duties under 29 U.S.C. §1024(b)(4) and that he is entitled to civil penalties under 29 U.S.C. § 1132(c)(1) as a result. *Id.*

The Court held a one-day bench trial in this matter on September 12, 2022. R. Doc. 159. After

carefully considering all the evidence presented, the Court issued the Ruling. R. Doc. 164. The Court held AT&T had fully complied with § 1024(b)(4) and dismissed Plaintiff's claim with prejudice. R. Doc. 164. Plaintiff now moves the Court to reconsider that holding pursuant to Federal Rule of Civil Procedure 59(e).

Rule 59(e) motions to alter or amend judgments serve solely to allow parties to correct "manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). Reconsideration of judgments is "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Accordingly, a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990)). Rather, to prevail on such a motion the party seeking reconsideration must show that reconsideration is necessary (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow the Court to consider newly discovered material evidence; (3) to prevent manifest injustice; or (4) because of an intervening change in the controlling law. *Theriot v. Brit Sys., Inc.*, No. 11-1995, 2013 WL 12238852, at *1 (E.D. La. Apr. 23, 2013) (quoting *Jupiter v. BellSouth Telecommc'ns, Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999)). Courts have "considerable discretion" in deciding whether to grant or deny a motion for reconsideration under Rule 59(e), but "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993) (citation omitted).

Here, Plaintiff argues reconsideration is necessary to correct manifest errors and prevent manifest injustice. R. Doc. 166-1 at 1. He asserts the Court manifestly erred in the Ruling by (1) addressing only two of the three documents he alleges AT&T violated § 1024(b)(4) by failing to produce, and (2) crediting the trial testimony of AT&T Benefits Coordinator Jeremy Siegel that

2

AT&T "produced everything they had in their possession to Plaintiff"; that one of the documents Plaintiff claimed was not produced, Plan #528, had been incorporated into an Umbrella Benefit Plan ("UBM"), which was produced; and that the summary plan description ("SPD") for Plan #528, which was produced, constituted the entirety of Plan #528 during the relevant timeframe. R. Doc. 166-1 at 4.

Plaintiff argues the Court manifestly erred by neglecting to address his argument that AT&T violated § 1024(b)(4) by failing to produce BellSouth Retiree Medical Assistance Plan #522. It is true that the Court did not expressly name Plan #522 in the Ruling. However, the Court, in its role as factfinder, credited Siegel's testimony that BellSouth Retiree Medical Assistance Plan #528 had been incorporated into an AT&T UBM which was produced to Plaintiff, and thus that AT&T had complied with § 1024(b)(4) as to Plan #528. R. Doc. 164 at 4–5. This conclusion applies with equal force to Plan #522: Siegel testified that Plan #528 "and *all other BellSouth plans* . . . were incorporated . . . as component programs of AT&T Umbrella Benefits Plan 1 or 2[.]" R. Doc. 168 at 90 (emphasis added). Thus, the Court did not manifestly err by failing to expressly address Plan #522 in the Ruling.

Of course, Plaintiff also argues the Court manifestly erred by crediting Siegel's testimony. But, as AT&T points out, Plaintiff presented no evidence at trial to controvert that testimony. *See* R. Doc. 169 at 15. Plaintiff claims now that, because Plans #522 and #528 are mentioned in other documents AT&T produced, those plans must still exist as independent, unproduced documents that Plaintiff was entitled to receive, rather than just as SPDs and incorporated components of the UBMs. R. Doc. 166-1 at 5–8. But there is no precedent before the Court "that would indicate that, as a matter of law, a document titled 'summary plan' cannot serve as the plan where there is no alternative document." *Rhea v. Alan Ritchey, Inc.*, 85 F. Supp. 3d 870, 873 (E.D. Tex. 2015), *aff'd sub nom.*, 858 F.3d 340 (5th Cir. 2017). In the absence of evidence to contradict Siegel's testimony that no alternative, unproduced documents composing Plans #522 and #528 exist, the Court as factfinder is

entitled to credit that testimony. The same can be said for the Court's finding that AT&T produced everything in its possession relevant to Plaintiff's plan document request and its holding, as a result, that AT&T did not violate § 1024(b)(4).

Accordingly, the Court finds no manifest error in its Ruling. No manifest injustice will occur in the absence of reconsideration. Plaintiff has failed to meet the standard for reconsideration under Rule 59(e) and his motion must be denied.

## II.     CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration, R. Doc. 166, is **DENIED**.

New Orleans, Louisiana, this 26th day of February, 2024.

Greg Gerard Guidry<br>
United States District Judge